IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LINA POSADA, *et al.*,              *

    Plaintiffs,                 *

vs.                                  *

                        CASE NO. 4:22-CV-121 (CDL)

PARKER PROMOTIONS, INC., *et*      *
*al.*,
                                     *
    Defendants.                 *

_____      *

O R D E R

    Plaintiffs are professional models who allege that Defendants used their images without permission to promote Defendants' strip club, Club Fetish.  Plaintiffs brought this action under Section 43 of the Lanham Act, 15 U.S.C. § 1125, and Georgia law.  Defendants Parker Promotions, Inc., and Nicholas Parker ("Defendants") moved to dismiss this action, arguing that Plaintiffs' claims are all time-barred.  As discussed below, the motion to dismiss (ECF No. 16) is granted in part and denied in part.

MOTION TO DISMISS STANDARD

    "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 556.  But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Plaintiffs allege that Defendants posted advertisements for Club Fetish, featuring their images, on Instagram and Facebook in February 2017 (Posada), March 2017 (Moreland) and June 2018 (Acosta).  Am. Compl. ¶¶ 30, 33, & 36, ECF No. 12; Am. Compl. Exs. A, B, & C, ECF No. 12-1.  Plaintiffs further allege that they have never worked for Club Fetish, have never endorsed Club Fetish, and have never authorized any of the Defendants to use their images to promote Club Fetish.  There is no allegation that Defendants re-posted any of Plaintiffs' images after June 2018.  But, according to Plaintiffs, their images still appeared on Defendants' social media sites on the date of their complaint, August 10, 2022.

Plaintiffs assert the following claims against Defendants (1) false advertising under § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) false association under § 43 of the Lanham

Act, 15 U.S.C. § 1125(a)(1)(A); (3) common law right of publicity; (4) common law right of privacy – false light; (5) violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*; (6) defamation; (7) negligence; (8) unjust enrichment; and (9) quantum meruit.[1]

DISCUSSION

Defendants contend that all of Plaintiffs' claims are barred by the doctrine of laches. Defendants also assert that Plaintiffs' state law claims are time-barred under the applicable statutes of limitation. The Court addresses each argument in turn.

## I.   Are Plaintiffs' Claims Barred by Laches?

Defendants argue that this action should be dismissed based on the equitable defense of estoppel by laches.[2] Defendants contend that, because Plaintiffs allege that Defendants first published advertisements containing their images more than four years before Plaintiffs brought this action, laches applies as a matter of law. But laches depends on "a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, and the opportunity for the claimant to have acted sooner." *Angel Flight*

---

[1] Plaintiffs also asserted a conversion claim, but they withdrew it.
[2] The Lanham Act does not contain a statute of limitations; in determining whether a plaintiff's action should be barred under the Lanham Act, courts use the equitable principle of laches. *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997).

*of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1207 (11th Cir. 2008) (alteration adopted) (internal quotation marks and citation omitted). "In the context of trademark infringement, a defendant invoking laches typically must show the plaintiff inexcusably delayed in enforcing its trademark rights, thereby causing the defendant undue prejudice." *Id.* Critically, as Defendants acknowledge, the clock for calculating delay does not begin to run at least until the plaintiff knows or should know that the defendant misappropriated her images. At this stage in the litigation, the Court must accept the allegations in the Complaint as true and draw all reasonable inferences in Plaintiffs' favor. The Complaint does not contain any allegations on when Plaintiffs first discovered the alleged misappropriation of their images. Accordingly, the Complaint does not establish that Plaintiffs unreasonably delayed bringing this action, and Defendants' motion to dismiss based on laches is denied.

## II.  Are Plaintiffs' State Law Claims Time-Barred?

Plaintiffs assert seven overlapping state law claims based on Defendants' alleged misappropriation of their images and the unauthorized use of those images to promote Club Fetish. Defendants contend that all of Plaintiffs' state law claims are time-barred. There are slight differences between those claims, including which statute of limitations applies and when each cause of action accrued under the law. Citing dicta from non-binding

precedent, Plaintiffs argue that none of this matters and that Plaintiffs will suffer injury each day, starting the clock anew, until Defendants remove Plaintiffs' images from their social media sites.  But Plaintiffs cited no binding precedent establishing such an indefinite accrual rule.  The Court understands that under Georgia's continuing tort doctrine, the limitation period for a personal injury tort involving continuing wrongful conduct does not begin to run until damage caused by the tortious act occurs. *Everhart v. Rich's, Inc.*, 194 S.E.2d 425, 428 (Ga. 1972) (extending the continuing tort theory to situations where the "tortious act is of a continuing nature and produces injury in varying degrees over a period of time").  But that doctrine does not apply to a single tortious act, such as publication of a defamatory social media post.  *See N. Atlanta Golf Operations, LLC v. Ward*, 870 S.E.2d 814, 821-22 (Ga. Ct. App. 2022) (applying the "single publication" rule for libel actions to action for statements made on the internet and rejecting "continuing publication" theory for social media posts).  Here, Plaintiffs do not allege that Defendants re-posted any of Plaintiffs' images after June 2018 or altered the original posts in a way that made it likely for a new audience to see them.  Thus, Plaintiffs' "continuing violation" argument fails, and the Court must evaluate the timeliness of each claim.

A.   Right of Publicity Claims

Defendants contend that Plaintiffs' right of publicity claims are "invasion of privacy" claims governed by Georgia's two-year statute of limitations for injury to the person, O.C.G.A. § 9-3-33.  Georgia courts do generally categorize a right of privacy claim based on misappropriation of a person's likeness as an "invasion of privacy" tort.  *Bullard v. MRA Holding, LLC*, 740 S.E.2d 622, 626 (Ga. 2013); *Martin Luther King, Jr., Ctr. for Soc. Change, Inc. v. Am. Heritage Prods., Inc.*, 296 S.E.2d 697, 702 (Ga. 1982).  But Georgia courts recognize a "fundamental distinction" between invasion of privacy causes of action "involving injury to feelings, sensibilities or reputation and those involving an appropriation of rights in the nature of property rights for commercial exploitation"—with a corresponding distinction in the measure of damages for such claims.  *Martin Luther King, Jr., Ctr.*, 296 S.E.2d at 703 (quoting *Cabaniss v. Hipsley*, 151 S.E.2d 496, 504 (Ga. Ct. App. 1966)).  Accordingly, the Court finds that Plaintiffs' right of publicity claims are claims for injury to personalty subject to the four-year statute of limitations for such claims, O.C.G.A. § 9-3-31.

Under O.C.G.A. § 9-3-31, a cause of action for injury to personal property must be brought "within four years after the right of action accrues."  *Id.*  A cause of action accrues on the date of injury, which is generally the date when a "plaintiff has

a complete and present cause of action." *SCA Hygiene Prods.
Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 337
(2017) (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S.
663, 670 (2014)).  Some claims "are subject to a 'discovery rule'
under which the limitations period begins when the plaintiff
discovers or should have discovered the injury giving rise to the
claim," but "that is not a universal feature of statutes of
limitations." *Id.*  In Georgia, absent a statutory provision
providing a discovery rule, the rule is generally confined to cases
of bodily injury that develop over time, and it does not apply to
property damage claims.  *Corp. of Mercer Univ. v. Nat'l Gypsum
Co.*, 368 S.E.2d 732, 733 (Ga. 1988).  O.C.G.A. § 9-3-31 does not
provide a discovery rule for injury to personalty claims.  So,
Plaintiffs' right of publicity claims accrued when Defendants
posted the advertisements containing their images.  Plaintiffs
were required to assert such claims within four years, regardless
of when they discovered the advertisements.  They did not, so their
right of publicity claims are time-barred.

B.   Uniform Deceptive Trade Practices Act Claims

In addition to their right of publicity claims, Plaintiffs
assert claims under Georgia's Deceptive Trade Practices Act,
O.C.G.A. § 10-1-370 *et seq.*  That Act prohibits a person from
causing a likelihood of confusion as to affiliation or connection
with another.  O.C.G.A. § 10-1-372(a)(3).  It also prohibits a

person from representing that their goods or services have sponsorship or approval that they do not have.  O.C.G.A. § 10-1-372(a)(5).  Georgia's Deceptive Trade Practices Act does not specify a limitations period, and it does not contain a discovery rule.[3]  The Eleventh Circuit, interpreting Georgia law, concluded that the four-year limitations period for injuries to personalty (O.C.G.A. § 9-3-31) applies to claims under the Act.  *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1205 (11th Cir. 1997).

A claim under Georgia's Deceptive Trace Practices Act usually accrues when the deceptive act or practice occurs.  In some cases, though, deceptive acts do not ripen into actionable claims under the Act until later, such as when a trade dress infringer slowly encroaches on the senior user's market and there is little likelihood of confusion based on the initial conduct.  *Id.* (explaining the doctrine of progressive encroachment).  In this case, though, there is no allegation of progressive encroachment.

---

[3] If the Georgia legislature wants to apply a discovery rule for claims under the Uniform Deceptive Trade Practices Act (or for any limitations period it sets), it can do so.  *See, e.g.*, O.C.G.A. § 10-1-401(a)(1) (stating that action for deceptive acts in the conduct of consumer transactions must be brought within "two years after the person bringing the action knew or should have known of the occurrence of the alleged violation"); O.C.G.A. § 10-1-766 (providing that a trade secret misappropriation claim "must be brought within five years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered").  But the Georgia Deceptive Trade Practices Act does not contain a discovery rule for claims under that Act, and the Court cannot create one.

Rather, Plaintiffs allege that Defendants featured their images on internet advertisements to make it appear that Plaintiffs endorsed or worked for Club Fetish.  They contend that the advertisements, on their face, would cause a likelihood of misunderstanding that Plaintiffs were affiliated with Club Fetish.  The Court thus finds that Plaintiffs' claims under the Deceptive Trade Practices Act accrued when Defendants posted the advertisements containing Plaintiffs' images.  Plaintiffs did not bring this action until more than four years after Defendants posted the advertisements, so their Deceptive Trade Practices Act claims are time-barred.

C.   Negligence Claims

Plaintiffs' negligence claims are based on their contention that Defendants breached their duty to ensure that their promotional materials did not infringe Plaintiffs' property rights or constitute deceptive advertising practices.  Am. Compl. ¶¶ 115-121.  In a nutshell, these claims are for negligent injury to personal property; Plaintiffs claim that Defendants negligently allowed their employees and agents to misappropriate Plaintiffs' images and post misleading advertisements containing those images.  Thus, O.C.G.A. § 9-3-31's four-year limitations period applies.  As discussed above, Plaintiffs did not bring their action within four years after their injury to property claims accrued, so their negligence claim is dismissed.

D.   Defamation and "False Light" Right of Privacy Claims

In addition to their "injury to property" claims, Plaintiffs assert claims for right of privacy/false light and defamation. These claims are considered claims for "injury to reputation," a type of personal injury, and are subject to the one-year statute of limitations for "injuries to the reputation" established in O.C.G.A. § 9-3-33. *Torrance v. Morris Pub. Grp. LLC*, 636 S.E.2d 740, 744 (Ga. Ct. App. 2006). Both claims accrue when the defamatory or false light statement is first published or otherwise communicated to someone other than the plaintiff. *Id.* at 743. "This is true 'regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence.'" *Id.* (quoting *Davis v. Hosp. Auth. of Fulton Cnty.*, 269 S.E.2d 867, 870 (Ga. Ct. App. 1980)). Plaintiffs did not bring this action within one year after Defendants posted the advertisements containing their images, so their defamation and right of privacy/false light claims are time-barred.

E.   Unjust Enrichment Claims and Quantum Meruit Claims

Plaintiffs' last two state law claims are for unjust enrichment and quantum meruit, which are subject to the four-year limitation period established by O.C.G.A. § 9-3-26. *Rollins v. LOR, Inc.*, 815 S.E.2d 169, 177 (Ga. Ct. App. 2018); *Burns v. Dees*, 557 S.E.2d 32, 39 (Ga. Ct. App. 2001). Both are quasi-contractual claims that apply when there is no legal contract but the defendant

has received a benefit or service from the plaintiff and the defendant equitably ought to compensate the plaintiff for it. Such claims accrue on the date that suit on the claim can first be brought, which is usually when a plaintiff confers a benefit on the defendant (unjust enrichment) or performs a valuable service for the defendant (quantum meruit) without compensation. *Jysk Bed'N Linen v. Dutta-Roy*, 787 F. App'x 608, 612 (11th Cir. 2019) (per curiam) (applying Georgia law). Thus, Plaintiffs' unjust enrichment and quantum meruit claims accrued when Defendants published the advertisements containing Plaintiffs' images without paying Plaintiffs for use of the images. Plaintiffs did not bring this action within four years, so their unjust enrichment and quantum meruit claims are time-barred.

## CONCLUSION

As discussed above, Defendants' motion to dismiss (ECF No. 16) is granted in part and denied in part. The Court denies Defendants' motion to dismiss Plaintiffs' Lanham Act claims based on the doctrine of laches, but the Court grants Defendants' motion to dismiss all of Plaintiffs' state law claims because they are time-barred.

IT IS SO ORDERED, this 5th day of May, 2023.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA